EDWARDS, WILLIAM F. (Circuit Judge), Associate Judge:
In June of 1973, Appellee Yearty allegedly contracted with his insurance agent, Brewer, for a one year $100,000/$300,000 automobile liability insurance policy, and additionally, for a one year, one million dollar umbrella auto liability policy. Home issued the $100,000/$300,000 policy, effective for the period from June 29, 1973 through June 29, 1974, but the million dollar umbrella policy was never issued. On June 29, 1974, the $100,000/$300,000 policy was renewed for another year by Home to cover the period ending June 29, 1975, but again the umbrella policy was not issued.
On February 12, 1975, one of Yearty’s employees was involved in an automobile accident with a Charles R. Moren, who later sued Yearty for an amount that could have exceeded the $100,000/$300,000 coverage. Appellant Home Indemnity Company advised Yearty that he should obtain his own counsel for the excess of the claim over the $100,000/$300,000 policy. Yearty obtained his own counsel for the excess claimed and later brought this action against Home Indemnity and others for the attorneys fees in the accident litigation.
On June 2, 1977, the trial court held a final hearing wherein certain documentary exhibits were offered into evidence and the deposition of John Lanahan Brewer was accepted by the trial court, through stipulation, in lieu of live testimony. On June 10, 1977, the trial court found that Yearty was entitled to $1,000 attorneys fees for services in the action stemming from the accident *58 and $1,800 for attorneys fees in the present action. We reverse.
Assuming, but not deciding, that the trial court was correct in finding:
“Subsequent to this request, phone contact was made by Mr. John Brewer of D. E. BREWER & COMPANY with the Home Indemnity Company. A New York representative of the Home Indemnity Company agreed to issue the umbrella policy.”
the umbrella policy would have been issued in accordance with the application which was admitted into evidence.
A review of the application shows conclusively that the application was for a one year period of time and the only way that the trial court could have found a longer time period was from testimony which was presented to him. However, a careful review of the deposition of Mr. Brewer fails to give rise to even an inference that the time period was for more than one year. There being no evidence of a multi-year umbrella policy application, error was committed by finding a contract of more than a one year duration.
Appellant also points to the inconsistency in the final judgment between paragraph 1 and paragraph 6, but with the disposition of the case as set forth above this question is rendered moot.
The judgment appealed is REVERSED with directions to the trial court to enter its order accordingly.
MILLS, Acting C. J., concurs.
ERVIN, J., dissents.